**[Cite as *State v. Mowery*, 2024-Ohio-4507.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-40 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-889 |
| | : | |
| ALEX OWEN MOWERY | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 13, 2024

. . . . . . . . . . .

APRIL F. CAMPBELL, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Alex Owen Mowery appeals from his conviction for attempted murder after he entered a guilty plea. Mowery argues that the State withheld evidence prior to a probable cause hearing conducted by the juvenile court, thereby necessitating reversal of the juvenile court's decision to bind him over for trial as an adult.

For the reasons set forth below, we reject this argument and affirm Mowery's conviction.

## I.     Factual and Procedural History

{¶ 2} This case arises from a shooting that occurred on August 31, 2022.   On that date, Springfield police were dispatched to the area of Linden Avenue and East Pleasant Street to meet with the victim; the victim stated that he had been in his vehicle when shots were fired toward him by individuals in another vehicle.   The victim informed police that he had observed the driver point a handgun out of his window and fire three shots at him before fleeing the scene.

{¶ 3} Following an investigation, Mowery was identified as the shooter.   He was 17 years old when the offenses were committed.   Mowery was charged in juvenile court for offenses that, had he been an adult, would have constituted the crimes of attempted murder, felonious assault, improper handling of a firearm in a motor vehicle, and discharging a firearm at or near prohibited premises.

{¶ 4} The State asked the juvenile court to relinquish jurisdiction and bind Mowery over to the general division of the common pleas court to be tried as an adult.   As such, a probable cause hearing was conducted on November 17, 2022.   Of relevance hereto, when the victim appeared in court to testify, he was wearing jail clothing.   The prosecutor noted the victim's attire on the record and asked the victim whether he had been incarcerated at the time of the shooting; the victim replied in the negative.   On cross-examination, defense counsel asked the victim why he was "in stripes," and the victim responded that he was in jail at that time for a felony charge of failure to comply with an

order or signal of a police officer.

{¶ 5} The victim testified that, on the day of the shooting, he had been out driving when he noticed a red car following him. According to the victim, he was approaching his sister's residence when he saw Mowery hold a gun out the driver's window of the red car and fire three shots at his vehicle. The victim stopped in his sister's yard, and the red car fled the scene. The victim's sister had observed the shooting and called the police. The victim observed bullet holes in his taillight, tire, and rear passenger door. He testified that he knew Mowery as the younger brother of a man with whom the victim had had previous disputes. The victim testified that he had seen Mowery three or four times in the past and that he knew him as Alex.

{¶ 6} The victim's sister testified she was outside her residence when she observed the victim driving toward her. She also observed a red car chasing her brother and she heard shots; the red car then sped away.

{¶ 7} Springfield Police Department Detective Ronald Jordan was assigned to investigate the shooting. Jordan testified that after the victim informed him of the names of the shooter and the shooter's older brother, Jordan prepared a photographic array for identification purposes. Another officer administered the identification process with the victim, who identified Mowery as the shooter.

{¶ 8} Finally, Springfield Officer Christopher Slusher testified that he took pictures of the victim's vehicle after the shooting. The photographs corroborated the victim's testimony regarding the damage to his car caused by the shooting. Slusher testified that one bullet had penetrated the rear door into the cabin of the vehicle, and he was able to

recover that bullet.

{¶ 9} Following the hearing, the juvenile court found probable cause to believe Mowery had committed the charged offenses. The court noted that Mowery had been 17 years and seven months old at the time of the offenses, and it concluded that the transfer to the general division to be tried as an adult was mandatory.

{¶ 10} On December 6, 2022, Mowery was indicted on the charged offenses; except for improper handling of a firearm, all the offenses included firearm specifications. Thereafter, Mowery and the State entered into a plea agreement. Mowery pled guilty to the charge of attempted murder; in exchange, the State dismissed all the other charges and all the firearm specifications. The trial court sentenced Mowery to an indefinite term of 8 to 12 years in prison.

{¶ 11} Mowery appeals.

## II.     *Brady* Material

{¶ 12} Mowery's sole assignment of error is as follows:

BECAUSE MOWERY WAS NOT GIVEN BRADY INFORMATION PRIOR TO HIS BINDOVER PROCEEDING, HIS CONVICTION SHOULD BE REVERSED.

{¶ 13} Citing *Brady v. Maryland*, 373 U.S. 83 (1963), Mowery contends that the State violated his constitutional rights when it failed to inform him prior to the probable cause bindover hearing that the victim was in jail on a felony charge. He further claims

that the victim had another felony conviction that was not disclosed by the State.[1] Mowery claims such information was exculpatory and provided a basis for impeaching the victim's testimony at the probable cause hearing.

{¶ 14} While not explicitly stated, Mowery appears to attack the jurisdiction of the general division of the common pleas court by arguing that, if the State had provided the information about the victim, there would have been no basis for the juvenile court to find probable cause that Mowery had committed the criminal acts in question and, thus, there would have been no transfer to the general division.

{¶ 15} In *Brady*, the United States Supreme Court held that a state violates the due Process Clause of the Fourteenth Amendment to the United States Constitution by suppressing evidence favorable to the accused where the evidence is material to guilt or punishment. *Id*. at 87. The Ohio Supreme court has held that a juvenile facing a probable cause hearing is, upon request, entitled to *Brady* materials from the state. *State v. Iacona*, 93 Ohio St.3d 83, 91 (2001).

{¶ 16} To establish a *Brady* violation, a defendant must demonstrate 1) that the evidence was favorable to the defendant, because it was either exculpatory or impeaching, 2) that the evidence was willfully or inadvertently suppressed by the state, and 3) that the defendant was prejudiced as a result. *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). Evidence is material or prejudicial "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability

---

[1] The record does not include any competent evidence demonstrating that the victim had another felony conviction.

sufficient to undermine confidence in the outcome."    *State v. Bendolph*, 2018-Ohio-1729, ¶ 43 (2d Dist.), citing *Iacona* at 89.

{¶ 17} First, we note that Mowery's defense counsel did not object to the alleged failure to disclose the victim's incarceration and did not seek a continuance or recess of the hearing in order to explore the use of this information.  Thus, we may infer from counsel's decision to proceed with the hearing that she believed either that the information was not exculpatory or that the juvenile court had been made sufficiently aware of any impeachment issues relevant to the victim.

{¶ 18} More importantly, we conclude that no *Brady* violation occurred.  Under *Brady*, the State has the duty to disclose material evidence in its possession.   *State v. Azali*, 2023-Ohio-4643, ¶ 72 (8th Dist.), citing *State v. Lawson*, 64 Ohio St.3d 336, 344. "Where the state has no control over evidentiary materials, it 'is incapable of suppressing them in violation of *Brady*.' "    *Id.*, quoting *Lawson* at 344.   *See United States v. Delgado*, 350 F.3d 520, 527 (6th Cir. 2003), quoting *Coe v. Bell*, 161 F.3d 321, 344 (6th Cir. 1998) ("*Brady* does not apply to materials that are not 'wholly within the control of the prosecution.' ").

{¶ 19} The information the prosecution was alleged to have suppressed -- the fact that the victim was in jail on felony charges -- was publicly available and not within the control of the prosecutor.  Thus, there was no need to require the State to "disclose" material that was readily available to the defense.

{¶ 20} Because we find no *Brady* violation, we find Mowery's argument lacks merit. Accordingly, the sole assignment of error is overruled.

### III.     Conclusion

**{¶ 21}** The judgment of the court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.